# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-1100


JOHN SWEAT

VERSUS

**SAMS AIR CONDITIONING MAINTENANCE SERVICE, ET AL.**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 14-06105
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**********

**BILLY HOWARD EZELL**
**JUDGE**

**********

Court composed of Billy Howard Ezell, Shannon J. Gremillion, and David Kent Savoie, Judges.


**AFFIRMED.**

**Bradley John Gadel**
**728 Jackson St.**
**Alexandria, LA 71301**
**(318) 448-4406**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **LUBA Casualty Ins. Co.**
     **Sams Air Conditioning Maintenance Service**

**Edward Emile Roberts**
**Neblet, Beard & Arsenault**
**P. O. Box 1190**
**Alexandria, LA 71309**
**(318) 487-9874**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **John Sweat**

**EZELL, Judge.**

John Sweat appeals the decision of the workers' compensation judge granting a motion for summary judgment in favor of Sams Air Conditioning and dismissing his claims. For the following reasons, we affirm the decision of the workers' compensation judge.

On August 10, 2014, Mr. Sweat was installing ductwork when he twisted his back. When he went to the doctor for the pain, it was discovered that he had an epidural abscess on his thoracic spine from the T3 through the T7 levels. The abscess was roughly six to seven inches in size. The abscess was removed, and a laminectomy was performed on Mr. Sweat; however, the infection had caused so much damage to his spine that, tragically, Mr. Sweat was rendered paraplegic.

Mr. Sweat filed a disputed claim for compensation, claiming his condition was caused by a workplace injury. Sams filed a motion for summary judgment in response. After a hearing on the motion, the workers' compensation judge granted summary judgment and dismissed Mr. Sweat's claims. From that decision, Mr. Sweat appeals.

Mr. Sweat asserts one assignment of error on appeal: that the workers' compensation judge erred in granting the motion for summary judgment, as he alleges genuine issues of material fact exist. We disagree.

"Summary judgments are reviewed de novo, applying the same standard to the matter as that applied by the trial court." *Southpark Cmty. Hosp., LLC v. Southpark Acquisition Co., LLC*, 13-59, p. 13 (La.App. 3 Cir. 10/30/13), 126 So.3d 805, 814, *writ denied*, 13-2794 (La. 2/28/14), 134 So.3d 1175. The burden of proof for motions for summary judgment leave was set forth in La.Code Civ.P. art. 966(C)(2), which provided at the time of the filing of the current motion:

The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

Further, at that time, La.Code Civ.P. art. 966(F)(2)(emphasis added) stated, in pertinent part:

Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. *Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.*

There is only one piece of evidence admitted for the purposes of this motion for summary judgment, the deposition of Dr. Lawrence Drerup. Mr. Sweat did not introduce any evidence whatsoever in opposition to the motion for summary judgment. In the lone piece of evidence we may consider, Dr. Drerup clearly states, several times, in several ways, that the infection that caused Mr. Sweat's abscess was not caused by trauma, injury, or strain. The abscess was caused by bacterial infection alone. The source of the multiple bacteria causing the abscess, according to Dr. Drerup, is unknown and may never be known, as there is no way for medical science to determine its origin in this case. Thus, Sams introduced clear, uncontradicted evidence that causation of the abscess could not be proven by Mr. Sweat.

Mr. Sweat had over a year between the time of the alleged workplace accident and the hearing on the motion for summary judgment to depose infectious

2

specialists or other doctors, but failed to do so. Truly, he failed to produce any factual support of any kind to establish that he would be able to satisfy his evidentiary burden of proof at trial. Accordingly, there is no genuine issue of material fact in this matter, and the trial court was correct in granting Sams' motion for summary judgment. For the above reasons, the decision of the trial court is hereby affirmed. Costs of this appeal are hereby assessed against Mr. Sweat.

**AFFIRMED.**